**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**DUKE FREDERICK CRANFORD,**

    **Plaintiff,**

**vs.**                                     **CASE NO. 1:08CV160-MP/AK**

**A.M. CASTNER, et al,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff alleges pursuant to 42 U.S.C. §1983 that Defendant Castner was indifferent to his health and safety needs while she was transporting him in restraints and his leg irons caught on a man hole cover and he fell to the ground face first. (Doc. 9). He is also suing the "Unknown Makers and Owners of the Black Box Patent" for their design of the restraint system that he contends did not allow him to raise his arms and break his fall. (Doc. 9). Plaintiff was asked previously to clarify his claims against Defendant Castner and warned that his claims against the makers of the "black box" were not viable as civil rights violations absent some allegation that the makers conspired with state officials to deprive some identifiable right. (Doc. 8).

In his amended complaint, Plaintiff adds to the claim against Defendant Castner that she was biased against him because he was a Muslim and that he knows this because she was talking about the war as she led him to the medical facility. He alleges that she also knew about the manhole cover because others had tripped on it,

but "99% of the inmates did not fall because the escorting officer had a secure hand upon them and prevented their fall."  Plaintiff says he knew she intended for him to trip on the manhole cover because she maneuvered him to walk on the side of her that would force him to go over the cover and that she did not follow procedure by placing her hand on him, which he contends would have prevented his fall.  This is also the sole basis for the failure to train claim he now asserts against the Secretary of DOC, *i.e.* that Defendant McNeil failed to train Defendant Castner to put her hand on a prisoner when traveling with him in restraints.  Plaintiff has also added to his claim against the black box makers that he should have been able to raise his arms and that it was a defect in the design of the boxes not to allow for this in the event of a fall.

After some deliberation, the undersigned is of the opinion that this cause should be dismissed rather than allow Plaintiff another attempt to add more facts in an effort to state viable claims.

### I.    Standard of Review

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be

**No. 1:08cv160-MP/AK**

assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

Proof of a single incident is rarely sufficient to sustain a failure to train claim because those officials who are responsible for making policy must be on notice of the constitutional deficiencies. Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990). In Wright, the Eleventh Circuit held that a sheriff's department could not be held liable for the actions of a deputy unless there was evidence "of a history of widespread prior

**No. 1:08cv160-MP/AK**

abuse," such that the sheriff was "on notice of the need for improved training or supervision." *Id.* Plaintiff himself asserts that 99% of the inmates crossing the manhole cover at issue did not fall because the officers had a "secure hand" on them, implying that there was no widespread failure to adhere to policy, therefore no failure to train as to this policy. Thus, the claim against Defendant McNeil should be dismissed.

The undersigned also finds that the facts asserted to support a claim against Defendant Castner are too vague and conclusory. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Plaintiff is attempting to show deliberate indifference to his safety needs and maliciousness by Defendant Castner based on her presumed knowledge of his religious status somehow established by a casual inquiry as to his opinion on the war. From this loose set of facts, Plaintiff attempts to show causation for Defendant's indifference, that is, she was so disapproving of his religion that she maneuvered him to trip over a manhole cover that she knew had a metal projection that had caused many others to trip and because she failed to place her hand on his body in a manner required by policy which allowed him to fall on his face. Stretching these facts to the outermost edges of rationality, Plaintiff has, at best, stated a claim for negligence by Defendant Castner, but nothing more.

Finally, Plaintiff seeks this court's supplemental jurisdiction over a defective design case against the "unknown manufacturer and owner of the blackbox handcuff" because the restraint system restrained him. Under 28 U.S.C. §1367(c)(3), this Court may decline to exercise such jurisdiction when it has dismissed all claims over which it had original jurisdiction (the civil rights claims), which it is hereby recommending. Therefore, it is further recommended that jurisdiction be declined over the claims

**No. 1:08cv160-MP/AK**

pertaining to the manufacturer and the issues of defective design, and that the claims be dismissed as well.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint (doc. 9) be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this  **8th**  day of January, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:08cv160-MP/AK**