IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DUKE FREDRICK CRANFORD,

    Plaintiff,

v.                                                      CASE NO. 1:08-cv-00160-MP-AK

A M CASTNER, WALTER MCNEIL, UNKNOWN MAKERS AND OWNER OF BLACK
BOX PATENT, UNKNOWN MANUFACTOR AND OWNER OF THE BLACKBOX
HANDCUFF-LOCKING DEVICE PATENT,

    Defendants.

_____/

# **O R D E R**

This matter is before the Court on Doc. 11, Report and Recommendation of the Magistrate Judge, recommending that Doc. 9, Plaintiff's Amended Complaint, be dismissed for failure to state a claim upon which relief may be granted. Plaintiff filed objections, Doc. 12, which the Court has reviewed.

Plaintiff, a prisoner, alleges in his complaint that while a correctional officer (A.M. Castner) was transporting him to the medical facility in leg irons, he fell and was injured. He alleges that Castner failed to properly secure Plaintiff as he walked over a manhole and that he fell as a result of his leg irons getting caught on a metal item sticking up from the manhole cover. Doc. 9. Plaintiff further alleges that Castner failed to properly secure Plaintiff and that this failure caused him to fall and injure himself. Doc. 6. Plaintiff alleges that Castner knew about this manhole and that failure to restrain Plaintiff would cause him to fall. Plaintiff alleges that Castner made no attempt to prevent his fall and failed to immediately assist him after he fell. Doc. 8.

As for why Castner did all this, Plaintiff alleges that Castner failed to prevent his fall because Castner was indifferent to Plaintiff's well-being based on Plaintiff being a black Muslim. Doc. 6, 8. Plaintiff alleges that Castner discriminates against Muslims and that Castner knew Plaintiff was a Muslim based on a conversation the two had about the war previously. Doc. 6, 8. After getting treated for these injuries, Castner led Plaintiff back to his cell once again failing to properly secure him as he walked over the manhole. Doc. 9. Based on these facts, Plaintiff alleges Castner violated Plaintiff's civil rights pursuant to 42 U.S.C. § 1983. Plaintiff also sues the Secretary of the Department of Corrections, alleging a failure to train. Finally, he sues the unknown maker and patent holder of the leg irons under 42 U.S.C. § 1983.

All of Plaintiff's allegations fail to state a claim. First, with regard to the patent holder and maker of the leg irons, he has not alleged how their action can be the type of state action required for a 42 U.S.C. § 1983 action. Second, he has not alleged how a single incident involving one guard and one trip across the yard demonstrates a systemic failure to train or supervise. Thus, the claims against Secretary McNeil are without merit. Finally, with regard to the claims against the correctional officer, Plaintiff's own allegations show that the officer did in fact immediately obtain medical care for the prisoner. Additionally, Plaintiff's allegations regarding the conversation about the war do not even allege that the officer displayed any

animus during those conversations. Thus, all of the claims fail to state a cause of action.

Accordingly, it is hereby

> **ORDERED AND ADJUDGED:**
>
> 1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.
>
> 2. The Plaintiff's amended complaint (doc. 9) is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and the clerk of court is directed to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
>
> **DONE AND ORDERED** this _20th_ day of November, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge